## IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JULIE BAILEY, | § | |
| | § | No. 96, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0409005305 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 14, 2016
Decided: May 27, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

### ORDER

This 27th day of May 2016, it appears to the Court that:

(1) On February 29, 2016, the appellant, Julie Bailey, filed a notice of appeal from a Superior Court order dated January 26, 2016, and docketed on January 27, 2016, denying her motion for postconviction relief. On its face, the notice of appeal was filed one day late. Under Supreme Court Rule 6, the appeal was due to be filed within thirty days of docketing of the order, *i.e.*, on or before February 26, 2016.[1]

---

[1] *See* Del. Supr. Ct. R. 6(a)(iv) (providing that a notice of appeal must be filed within thirty days after entry upon the docket of a judgment or order in any proceeding for postconviction relief).

(2)     A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[2]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[3]

(3)     On February 29, 2016, the Clerk issued a notice directing Bailey to show cause why the appeal should not be dismissed as untimely filed.[4]  In response to the notice, Bailey asserts that her notice of appeal was timely filed on Monday, February 29, 2016.[5]  She is mistaken.  The first day of the appeal period was Thursday, January 28, 2016, the day after the order was docketed.  The last day of the appeal period was Friday, February 26, 2016.  Bailey is mistaken that a notice of appeal is considered timely filed if it is received the day after the last day of the appeal period.  To be timely filed, a notice of appeal must be filed *within* the thirty day period.[6]

(4)     Bailey does not contend, and the record does not reflect, that the delay in filing the notice of appeal is attributable to court-related personnel.  Consequently

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).

[3] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

[4] Del. Supr. Ct. R. 29(b).

[5] Bailey correctly notes that the Clerk's Office was closed on Saturday and Sunday, February 27 and 28, 2016.

[6] *Supra* note 1.

2

this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

NOW, THEREFORE, IT IS ORDERED under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

3